[PHILADELPHIA, JANUARY 14TH, 1839.]

## ORNER *against* HOLLMAN.

#### IN ERROR.

In an action against a constable for taking a horse alleged to belong to the plaintiff, upon an execution against A., in whose possession the horse was at the time of the execution, by the permission of the plaintiff, it was *held*, that evidence was admissible on the part of the plaintiff to prove that he had some time previous to the levy declared to A. that he intended to take the horse from him, and that A. did not deny his right to do so.

ERROR to the Court of Common Pleas of Chester County.

Frederick Hollman brought an action of trespass in the Court below against Lewis Orner, a constable, to recover damages for taking a horse, the property of the plaintiff, which had been levied upon by the defendant, by virtue of an execution against one Massey.

From the evidence given on the trial it appeared that in the year 1834, an execution was issued in a suit, wherein one Olwine was plaintiff, and James Massey defendant; it was placed in the hands of Orner; by virtue of which Orner levied on the horse in dispute. At the time of the levy the horse was in possession of James Massey, and had been so for some weeks, but Massey informed the constable at once that the horse belonged to Hollman. The horse was afterwards sold under the execution, notice being given at the sale that it belonged to Hollman. Much evidence was then given for the purpose of showing that the horse had been purchased by Massey in a *trade* with one Rimes about two weeks before the levy: that the consideration given for said horse was a mare, the property of Hollman, which he had authorised Massey to *trade* for the horse in question: that after the bargain the horse continued in possession of Massey up to the time of the levy; Holman having agreed that Massey should continue to keep the horse for his use; and that Massey always recognised the right of property of the horse in Hollman. Among other testimony offered for this purpose, the plaintiff's counsel offered to prove by Samuel Hollman, that before the levy the plaintiff threatened to take the horse away from James

(Orner *v.* Hollman.)

Massey, unless he used him better. To this the defendant's counsel objected, and took exceptions to the opinion of the Court overruling his objection. Whereupon Samuel Hollman testified as follows:— " It was considerably before the levy; it was in the road between the blacksmith's shop and our house. Frederic (namely Frederick Hollman) and I were coming down the road, and Massey was going up. He observed that the horse looked thin. He (Frederick) told him (Massey) that if he did not take better care of the horse, he would take him home. He allowed that he had been fox-hunting him too hard."

A verdict was found for the plaintiff, and a writ of error taken by the defendant, who assigned for error the admission of the testimony of Samuel Hollman.

Mr. *W. L. Hirst* for the plaintiff in error.

Mr. *Dillingham,* for the defendant in error, having cited *Babb* v. *Clemson,* (10 *Serg. & Rawle,* 427,) was stopped by the Court.

PER CURIAM.—The defendant founded his justification on the possession of Massey, the debtor, as evidence of property. In this respect there can be no difference between the possession of a chattel and the possession of land, which has always been open to explanation by declarations of the party connected with an act of apparent ownership. At a period considerably anterior to the levy, the plaintiff, for a supposed abuse of what he claimed to be his property, had declared to Massey, then on the horse's back, that he intended to deprive him of the possession; and Massey did not resist his right to do so. It is too clear for argument that this was a circumstance to go the jury.

Judgment affirmed.